## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

Manuel Acevedo-Orama, et al.,
  Plaintiffs,

                                     Civil No. 04-1835 (HL)

v.

Luis E. Rodriguez-Rivera, et al.,
  Defendants.

## OPINION AND ORDER

Plaintiffs, nineteen (19) former employees of the Commonwealth of Puerto Rico Department of Natural and Environmental Resources (hereafter "DNER"), bring this action against Luis Rodriguez Rivera (Secretary of the DNER); Marcos Ramos Rovira (Mayaguez Regional Director of the DNER); Rosaly Rosa (DNER Rangers Corps. Commissioner); and Mayra Vazquez (DNER Human Resources Director), pursuant to 42 U.S.C. § 1983, alleging political discrimination in violation of the First, Fifth, and Fourteenth Amendments of the United States Constitution. Plaintiffs also seek to invoke this Court's supplemental jurisdiction over claims arising under the laws of the Commonwealth of Puerto Rico, specifically Puerto Rico Law No. 100 of 1959, 29 L.P.R.A. § 146, and Puerto Rico Law No. 382 of 1950, 29 L.P.R.A. §§ 136-138.

Pending before the Court is a partial motion to dismiss the complaint brought by defendants Luis Rodriguez Rivera and Mayra Vazquez.[1]   Plaintiffs filed an opposition[2] to

_____

[1] Docket no. 7.

[2] Docket no. 9.

said motion and defendants filed a reply[3] to plaintiffs' opposition.  For the reasons set forth below, defendants' partial motion to dismiss the complaint is **granted in part and denied in part**.

## STANDARD OF REVIEW

In ruling on a 12(b)(6) motion to dismiss, a court must accept all well-pled factual averments as true and must draw all reasonable inferences in the plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164 (1993); *Carparts Distrib. Ctr., Inc. v. Automotive Wholesaler's Ass'n,* 37 F.3d 12, 14 (1st Cir.1994).  A court should not dismiss a complaint for failure to state a claim unless it is clear that the plaintiff will be unable to prove any set of facts which would entitle him or her to recovery.  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Miranda v. Ponce Fed. Bank,* 948 F.2d 41, 44 (1st Cir.1991).  However, this deferential standard is not a "toothless tiger." *Doyle v. Hasbro, Inc.,* 103 F.3d 186, 190 (1st Cir.1996).  The court is not obliged to accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996).

## FACTUAL BACKGROUND

The complaint sets out the following factual background.  Plaintiffs[4] were employees

---

[3] Docket no. 12.

[4] Plaintiffs in this action are: Manuel Acevedo-Orama, Wilfredo Corcino-Rivera, Carlos Crespo-Torres, Ada Cruz-Cajigas, Armando Feliciano-Roman, Jessica J. Fernandez-Hernandez, Oscar Fernandez-Perez, Jose Lopez-Toro, Melvin Mendez-Moreno, Wilfredo Muniz-Jimenez, Nereida Nieves-Ingles, Jorge A. Perez-Diaz, Aida Perez-Perez, Jose A. Rivera-Rodriguez, Gilberto Rosa-De-Leon, Roberto Santiago-Sanchez, Edwin J. Soto-Gutierrez, Roberto Torres-Galarza, Wilberto Torres-

of the Commonwealth of Puerto Rico Department of Natural and Environmental Resources (DNER).  During their employment, plaintiffs were all active members of the New Progressive Party (NPP) and participated in the November 2000 general election in support of NPP candidates. Defendants[5] are all members of the Popular Democratic Party (PDP). Plaintiffs allege that their political beliefs and affiliations were known to defendants.

According to the complaint, when defendants took office in 2000, they initiated a campaign of political harassment and discrimination in an effort to purge employees associated with the NPP from the DNER.  Allegedly, plaintiffs' job functions and responsibilities were taken away from them. Consequently, plaintiffs submit that they either spent the entire work day without performing any tasks or performing tasks of minimal responsibility meant only to humiliate them.  Plaintiffs claim that defendants informed them that under no circumstances was the Secretary of the DNER (defendant Luis Rodriguez Rivera) going to retain employees that were not politically loyal to the PDP; that plaintiffs were going to be dismissed; that plaintiffs' letters of dismissal had already been signed by defendant Rodriguez Rivera; and that the only way plaintiffs could keep their jobs was if they switched political affiliation from the NPP to the PDP. Plaintiffs also claim that they were harassed with political remarks such as: "Now the Popular Democratic Party is in

──────────────────────

Perez.

[5]   Defendants in this action are: Luis Rodriguez Rivera, Secretary of the DNER; Marcos Ramos Rovira, Mayaguez Regional Director of the DNER; Rosaly Rosa, Rangers Corps. Commissioner; and Mayra Vazquez, DNER Human Resources Director.

4

power," and "You don't have Pesquera or Rosello to save you."

On or around January 28, 2004, plaintiffs received letters of dismissal signed by defendant Rodriguez Rivera indicating that their termination of employment would take effect on February 29, 2004. In said letters, the reason given for the dismissal was that plaintiffs' transitory appointments with the DNER had expired and their contracts would not be renewed. Plaintiffs claim that after their dismissal, defendants retained new employees, who are all members of the PDP, to perform plaintiffs' former functions, duties and responsibilities. Plaintiffs conclude that the only reason they were harassed, demoted, and ultimately dismissed was because they were affiliated with the NPP.

## DISCUSSION

Defendants Luis Rodriguez Rivera and Mayra Vazquez move to partially dismiss the complaint on the following four grounds: (1) plaintiffs have failed to state a claim of due process violation; (2) plaintiffs have failed to state a claim of equal protection violation; (3) defendants are entitled to Eleventh Amendment immunity; and (4) defendants are entitled to qualified immunity.

### I. Due Process

To establish a procedural due process claim, a plaintiff must show that she held a property interest as defined by state law and that defendants, acting under color of state law, deprived her of this property interest without constitutionally adequate process. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982); *Miniya Hosp., Inc. v. U.S. Dept. of*

*Health & Human Servs.*, 331 F.3d 178, 181 (1st Cir.2003). In order to establish a constitutionally protected property interest, plaintiff must demonstrate that she has a legally recognized expectation that she will retain her position . . . ." *Santana v. Calderon*, 342 F.3d 18, 24 (1st Cir.2003).

In their motion to partially dismiss the complaint, defendants argue that plaintiffs were not entitled to due process because they lacked a constitutionally protected property interest in continued employment since they were all transitory or at-will employees. "Under Puerto Rico law, career employees have a property interest in their continued employment." *Gonzalez-de-Blasini v. Family Dept.*, 377 F.3d 81, 86 (1st Cir.2004). However, it is settled that "an at-will employee lacks a reasonable expectation of continued employment, and, thus, has no property interest in her job." *Gomez v. Rivera-Rodriguez*, 344 F.3d 103, 111 (1st Cir.2003) (internal punctuation omitted) (citing *King v. Town of Hanover*, 116 F.3d 965, 969 (1st Cir. 1997)). "[T]ransitory employees generally do not have a property interest in continued employment beyond their yearly terms of appointment." *King v. Town of Hanover*, 116 F.3d 965, 969 (1st Cir.1997).

It appears from the complaint that plaintiffs were all transitory or at-will employees, and thus lacked a property interest in continued employment at DNER. Further, in their motion in opposition to defendants' motion to partially dismiss the complaint, plaintiffs state that they have no objection to the dismissal of their due process violation claims. Accordingly, defendants' motion to dismiss plaintiffs' due process claims is **granted**.

6

## II. Equal Protection

Defendants contend that plaintiffs' equal protection claims should be dismissed because plaintiffs have failed to allege in the complaint how they were treated differently than others similarly situated. The Court rejects this argument.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."*City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). A party who claims that governmental action violates the Equal Protection clause must demonstrate that she is "the victim of intentional discrimination." *Tex. Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255 (1981). Specifically, in order to state a claim under the Equal Protection Clause, plaintiffs must prove not only that defendants were aware of their membership in a protected group, but also that they acted because of it. *See Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979).

In the present case, plaintiffs have asserted that defendants harassed and ultimately dismissed them from employment solely on the basis of their affiliation with the NPP. Plaintiffs submit that they were informed that the only way they could retain their jobs was to switch allegiances to the PDP party. Plaintiffs also allege that after their dismissal they were directly replaced by new employees who were affiliated with the PDP. Taking all well-plead factual averments from the complaint as true and drawing all reasonable

inferences in favor of plaintiffs, it is apparent that plaintiffs allege that (1) defendants intentionally discriminated against them and that (2) plaintiffs were distinguished – or otherwise afforded different treatment– from similarly situated PDP members because of their affiliation with the NPP. Thus, the Court finds that plaintiffs have established a prima facie case of discriminatory intent and sufficiently made out an equal protection claim. *See Tex. Dept. of Cmty. Affairs*, 450 U.S. at 255; *Pers. Adm'r of Mass. v. Feeney*, 442 U.S.at 279.

In their reply to plaintiffs' opposition to the partial motion to dismiss, relying on *Dávila Aleman v. Feliciano Melecio*, 964 F.2d 32 (1st Cir.1992), defendants argue that since plaintiffs have already invoked the protection of the First Amendment, there is no need to analyze plaintiffs' claims under the Equal Protection Clause.  Defendants' reliance on *Dávila Aleman* for the proposition that plaintiffs' equal protection claim should be dismissed at the 12(b) stage because plaintiffs also assert First Amendment claims is mislaid. *See Dávila Aleman*, 964 F.2d at 45.  The court in *Dávila Aleman* simply found that there may be "little basis or justification for applying equal protection analysis" where the equal protection claim overlapped with a *failed* First Amendment Claim. *Id.*; *Ruiz-Casillas v. Camacho-Morales*, 415 F.3d 127, 134 (1st Cir.2005). In the present case, defendants do not argue that plaintiffs' First Amendment claims have failed. In fact, defendants do not even challenge plaintiffs' First Amendment claims. Rather, defendants seek dismissal of plaintiffs' due process, equal protection, and supplemental claims alone. Thus, at the current stage of proceedings in this case, the mere fact that plaintiffs have asserted both

8

First Amendment and equal protection claims, does not serve as a basis to dismiss plaintiffs' equal protection claims.

Accordingly, defendants' motion to dismiss plaintiffs' equal protection claims is **denied**.

### III. Eleventh Amendment Immunity

Defendants argue that plaintiffs' claims for damages and claims brought under commonwealth law should be dismissed because defendants are entitled to Eleventh Amendment immunity. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  For Eleventh Amendment purposes, the Commonwealth of Puerto Rico is treated as if it were a state. *Metcalf & Eddy. Inc. v. Puerto Rico Aqueduct & Sewer Auth.*, 991 F.2d 935 (1st Cir.1993). "The main thrust of the Eleventh Amendment is to minimize federal courts' involvement in disbursal of state monies." *Ramos Bonilla v. Vivoni*, 259 F.Supp.2d 135, 140 (D.P.R. 2003).

### A. Claims for Damages

The Eleventh Amendment prevents an award of monetary relief from a state treasury even when the individual officer, rather than the state itself, is the named defendant in a suit. *Ford Motor Co. v. Dept. of the Treasury*, 323 U.S. 459, 464 (1945)(stating that "when the action is in essence one for the recovery of money from the state, the state is the real,

9

substantial party interested and is entitled to invoke its sovereign immunity from suit even

though individual officials are nominal defendants."). The Eleventh Amendment is

concerned with protecting state treasuries, not individual officers. Thus, the Eleventh

Amendment does not prevent suits against state officers for money damages to be paid out

of their own pockets, such as when an officer is sued in his or her individual capacity.

*Kentucky v. Graham*, 473 U.S. 159 (1985) (discussing distinction between suits against an

officer in an individual as opposed to an official capacity). *See also*, *Hafer v. Melo*, 502

U.S. 21, 25 (1991) (Official capacity suits occur when a plaintiff sues the government

entity by naming the officer as a defendant, whereas individual capacity suits "seek to

impose individual liability upon a government officer for actions taken under color of state

law."). Further, the Eleventh Amendment does not preclude "official capacity" suits against

state officers for injunctive or declaratory relief brought pursuant to federal law. *Ex parte*

*Young*, 209 U.S. 123, 159-60 (1908); *Will v. Michigan Dept. of State Police*, 491 U.S. 58,

71 n.10 (1989).[6]

In the present case, defendants are sued in both their official and individual

capacities. The suit against defendants in their official capacities is a suit against the

DNER, a department of the Commonwealth of Puerto Rico. *See Rosario-Urdaz v. Rivera-*

*Hernandez*, 350 F.3d 219, 222 (1st Cir.2003) (citing *Nereida-Gonzalez v. Tirado-Delgado*,

---

[6] "If officers sued in an official capacity leave office during the pendency of an action, their successors are automatically substituted" pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. *Maria Santiago v. Corporacion de Renovacion Urbana y Vivienda de Puerto Rico,* 554 F.2d 1210, 1213 (1st Cir.1977); Fed.R.Civ.P. 25(d).

990 F.2d 701, 705 (1st Cir.1993)("An official capacity suit is, in reality, a suit against the governmental entity, not against the governmental actor.")). "Money damages are unavailable against the Commonwealth in this action (and, therefore, against the individual defendants in their official capacities), but not necessarily for Eleventh Amendment reasons." *Id.* "The shortest, most direct route to that result evolves out of the fact that neither a State nor its officers in their representative capacities are 'persons' within the meaning of 42 U.S.C. § 1983 with respect to action for damages. *See Will*, [491 U.S. at 71]; *Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir.1991)." *Id.* As such, plaintiffs' claims for damages against defendants in their *official* capacities are hereby **dismissed**.

Since the Court has dismissed plaintiffs' damages claims against defendants in their official capacities on alternative grounds, we need not further address the issue of Eleventh Amendment immunity in respect to plaintiffs' claims for damages. *Id.* (citing *Greenless v. Almond*, 277 F.3d 601, 606-608 (1st Cir.2002) (explaining that analysis of Eleventh Amendment issues should be avoided whenever a case or claims can be disposed of on other grounds)); *Parella v. Retirement Bd.*, 173 F.3d 46, 56-57 (1st Cir.1999).

## B. Commonwealth Claims

As noted at the outset, plaintiffs seek to invoke this Court's supplemental jurisdiction to advance commonwealth law claims made pursuant to Puerto Rico Law No. 100 of 1959, 29 L.P.R.A. § 146, and Puerto Rico Law No. 382 of 1950, 29 L.P.R.A. §§ 136-138. Supplemental jurisdiction provides that a federal court may hear state law claims

that would not otherwise fall within the jurisdiction of the federal courts, if those claims

arise from a "common nucleus of operative fact" with a claim properly within the court's

jurisdiction. 28 U.S.C. § 1367; *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

However, the Eleventh Amendment prohibits federal courts from asserting

supplemental jurisdiction over state law claims against state officers. *Pennhurst State

School & Hosp. v. Halderman*, 465 U.S. 89 (1984) (holding that Eleventh Amendment

sovereign immunity prohibits federal courts from ordering state officials to conform their

conduct to state law); *Feliciano-Angulo v. Rivera-Cruz*, 858 F.2d 40, 44 n.4 (1st Cir.1988);

*Cuesnongle v. Ramos*, 835 F.2d 1486, 1496-97 (1st Cir.1987). This jurisdictional bar

applies where, as here, state law claims have been brought into federal court by utilizing the

court's supplemental jurisdiction. *Pennhurst State School & Hosp*., 465 U.S. at 121.

Moreover, "this jurisdictional bar applies regardless of the nature of the relief sought." *Id*.

at 100; *O'Neill v. Baker*, 210 F.3d 41, 47 (1st Cir.2000). As such, the Court finds that it

does not have jurisdiction over plaintiffs' claims brought pursuant to commonwealth law.

Accordingly, plaintiffs' commonwealth claims are **dismissed without prejudice**.[7]


## IV. Qualified Immunity

At the motion to dismiss stage, the threshold question in conducting a qualified

immunity inquiry is whether the allegations, taken in the light most favorable to the

---

[7]  The Court dismisses these state law claims without prejudice in order to give plaintiffs the opportunity, if they choose, to pursue them in state court. *See Cuesnongle*, 835 F.2d at 1497 n.8.

12

plaintiff, could support a conclusion that the defendant government actor abridged any constitutional right. *Coyne v. Cronin*, 386 F.3d 280, 286 (1st Cir.2004). *See also Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Santana v. Calderon*, 342 F.3d 18, 23 & 29 (1st Cir. 2003). If the facts alleged show that the defendant officer's conduct violated a constitutional right, the Court must ask whether "the contours of this right are 'clearly established' under then-existing law so that a reasonable officer would have known that his conduct was unlawful." *Santana v. Calderon,* 342 F.3d 18, 23 (1st Cir 2003) (citing *Dwan v. City of Boston*, 329 F.3d 275, 278 (1st Cir 2003)).

In the instant case, the response to both inquires must be in the affirmative.  As discussed above, plaintiffs have asserted viable claims of violations of their First Amendment and equal protection rights.  Further, taking the allegations in the light most favorable to plaintiffs, the Court cannot conclude that the constitutional rights implicated were not "clearly established under then-existing law so that a reasonable officer would have known that his conduct was unlawful." *Santana*, 342 F.3d at 23. Thus, it would be premature at this time for the Court to find that defendants are entitled to the protection of qualified immunity.

## CONCLUSION

For the aforementioned reasons, defendants Luis Rodriguez Rivera and Mayra Vazquez's partial motion to dismiss is hereby **granted in part and denied in part**. Plaintiffs' due process claims and claims for damages against defendants in their *official* capacities are **dismissed with prejudice**. Plaintiffs' claims based on commonwealth law

13

are **dismissed without prejudice**.  Plaintiffs' remaining claims brought pursuant to the

First Amendment and Equal Protection Clause endure.

       **IT IS SO ORDERED**.

      San Juan, Puerto Rico, September 12, 2005.

                            S/ HECTOR M. LAFFITTE
                            United States District Judge